# Sharpley *v.* Moody & Co.

### *Action for Broker's Commissions.*

(Decided July 2, 1907. 44 South. 650.)

1. *Brokers; Real Estate; Compensation.*—A real estate agent is entitled to his commission for the sale of real estate when he procures a purchaser ready, able and willing to buy on the terms specified in the contract of employment, and the owner accepts the buyer though the sale may not be thereafter completed.

2. *Same.*—Where a real estate agent with whom property is listed for sale merely procures another to look at the property with a view to buying, and it is not made to appear that the owner of the property knew or could have known that the agent had shown the property to such a person, on a sale of the property by the owner to such person the agent is not entitled to his commissions for making the sale.

APPEAL from Bessemer City Court.

Heard before Hon. William Jackson.

Assumpsit by Lee Moody doing business as Lee Moody & Co., to recover commissions as a real estate broker for an alleged sale of real estate listed with him by A. G. Sharpley. From a judgment for plaintiff defendant appeals. Reversed and remanded.

LEA, HANBY & LEA, for appellant. The demurrers to the 4th and 6th count should have been sustained as they nowhere allege a sale by the plaintiff, or that he had procured a purchaser, able, ready and willing to purchase the property on the terms fixed by the contract.—*Sayre v. Wilson*, 86 Ala. 151. The evidence does not bring plaintiff within the class of brokers entitled to commission on the sale of real estate.—*Moses v. Katzenberger*, 84 Ala. 95; *Cook v. Frost*, 116 Ala. 395.

TROTTER & ODELL, for appellee.—The evidence showed that Moody had procured the purchaser to whom the owner sold the land.—23 A. & E. Ency. of Law, pp. 908-913; *Cook v. Frost*, 116 Ala. 395.

HARALSON, J.—The rule is well settled in this state, that a broker or real estate agent, employed to effect a sale of lands on specified terms, becomes entitled to his commission, or agreed compensation, when he procures a purchaser who is able, ready and willing to buy on the terms specified, and the vendor accepts him, although the purchaser afterwards declines to complete the contract, and the sale is never consummated by reason of the vendor's fault.—*Sayre v. Wilson*, 86 Ala. 151, 5 South. 157; *B. L. & L. Co. v. Thompson*, 86 Ala. 146, 5 South. 473; *Cook v. Forst*, 116 Ala. 395, 22 South. 540; *Stephens v. Bailey*, 149 Ala. 256, 42 Sopth. 740.

It is admitted by appellant's counsel, that the case was tried on the fourth, fifth, and sixth counts of the complaint, and it is necessary to consider the demurrers alone to these counts.

The fifth and sixth counts allege practically the same thing, as to the agreement of defendant to pay the plaintiff the commissions sought to be recovered in these counts,—viz., that defendant listed with plaintiff, on

[Sharpley v. Moody & Co.]

the 21st of July, 1906, the lot described to be sold, or procured to be sold, or to find a purchaser therefor, at the sum of $2,750, agreeing to pay plaintiff therefor, a reasonable commission for his services so to be rendered, and that, thereafter, on, to wit, the 10th of September, 1906 plaintiff procured one Mrs. F. Erlick to look at said described property, for the purpose of buying it, and in some way unknown to plaintiff, the fact that said Mrs. F. Erlick had looked at the property for said purpose, came to defendant, and he sold the property, himself, to her at $2,500, and defendant, thereafter, failed and refused to pay plaintiff his reasonable commissions on said sale.

It is to be noticed, that the counts do not allege that plaintiff sold the property, but merely state that it was listed by plaintiff "to be sold, or procured to be sold, or to find a purchaser therefor, at the sum of $2,750." They do not aver, as stated, that plaintiff sold the property, nor that he "procured it to be sold," nor that he found "a purchaser therefor," but simply, that he "procured one Mrs. F. Erlick to look at said described property for the purpose of buying it." Neither does it appear from said counts, nor in the fourth count, that the defendant knew or could have known, that the plaintiff had shown the property of the defendant to Mrs. Erlick, with the view of selling it to her.

The plaintiff could have earned his commissions only when he found a purchaser (able and willing to purchase and who was accepted by the owner of the property), although the sale may have never been completed. The counts fall short in the averments of a sale, or the procuring of a purchaser. Authorities supra.

The court erred in overruling the demurrers to the fourth, fifth, and sixth counts. Without these counts, which were sustained by the court against the demurrers

to them, there could have been no judgment properly rendered against the defendant.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSSON, JJ., concur.