# Cronin *v.* American Securities Company.

## *Broker's Commission.*

### (Decided Nov. 18, 1909.   50 South. 915.)

1. *Brokers; Compensation; Termination of Contract.*—Where plaintiff and defendant agreed that defendant would pay plaintiff a commission for selling certain land to a corporation which plaintiff might promote for that purpose, and while plaintiff was endeavoring to bring the deal about, the owner withdrew the offer. and sold the land himself, he was not liable for commission; the efforts of the plaintiff not having in any way tended to the consummation of the sale.

2. *Same; Contracts; Consideration.*—Where the owner of land revoked the authority of the agent as to the sale of certain lands, but told the agent that he would be taken care of, as if he had made the sale, and the owner subsequently made a sale through his own efforts, the promise was without consideration.

3. *Same; Revocation of Authority.*—An authority to sell land may be revoked at any time before sale, as a general principle, and the owner will not thereby be liable to the agent for services.

APPEAL from Montgomery City. Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by T. P. Cronin against the American Securities Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The second count in the complaint is as follows: "The plaintiff claims of the defendant the further sum of $3,500, for this, to wit: That the said defendant, being in the business of selling cemetery lots in the Greenwood Cemetery, in Montgomery, Alabama, employed the plaintiff as a salesman on commission, and during such employment in the early part of 1908 offered to sell in said Greenwood Cemetery a body of about 50 acres of land for the burial of colored persons, to be known as the Lincoln Cemetery, and the proposition was to sell said 50 acres of land to a company or syndicate of persons, to be known as the Lincoln Cemetery Company, and plaintiff was employed and engaged to work up and obtain subscriptions for, and to have a syndicate formed for the organization of, such a company to make such purchase, with a view of its making sales of lots therein to persons desiring burial lots in such cemetery for colored persons. That plaintiff undertook such employment upon an agreement and understanding with the defendant that he should have the exclusive employment in that behalf, and was to have a commission of 10 per cent. on the amount of the price at which the same was made, and plaintiff was especially to endeavor to induce a purchase of said land allotted and selected for said Lincoln Cemetery to an association of the colored population of Montgomery and vicinity, and plaintiff undertook said business and worked diligently at the same for several months in interviewing and interesting persons likely to engage in such purchase by organizing a company or association, and had drawn the attention of the public to the advantages of the proposed purchase, and had created a prevailing sentiment favorable to that end, and was progressing satisfactorily towards having formed an association to make such purchase, when the said de-

[Cronin v. American Securities Company.]

fendant came to the plaintiff and told him to cease offering said land for sale for the present, as he was doing and had undertaken to do; that it had other parties who wanted to and would likely buy, and to let it negotiate with such parties and make the sale, and that it would make no difference to plaintiff; that he would be taken care of just as if he had made the sale. That thereupon plaintiff, in pursuance of said request, desisted from further offering of said land for sale. That defendant did make a sale of said lot of 50 acres, immediately after plaintiff desisted from his offering, at and for the sum of, to wit, $35,000, whereby plaintiff became and was entitled to his commission of 10 per cent. thereon, but that defendant refused to pay it, or any part thereof, to the plaintiff; to the damage of the plaintiff."

The following grounds of demurrer were assigned: "(1) Because it shows on its face that plaintiff was in the employment of the defendant as a regular salesman on commission, without averring that the contract afterwards alleged to have been made of the sale of the Lincoln Cemetery property was made by an officer of the said defendant company having authority to do so. (2) It shows on its face that plaintiff never made the sale for which he claims commission. (3) It shows on its face that the defendant made the sale itself of the property, and fails to aver that any officer of the company had any authority to bind the defendant to pay commission on said sale to plaintiff. (4) It fails to aver that the agreement to pay the commission to plaintiff, though plaintiff did not make a sale, was in writing. (5) It fails to aver that any demand was made upon defendant for the amount sued for. (6) It shows that plaintiff was in the real estate business, without averring that he had paid his license for such business, as is

required by law. (7) That the agreement was without consideration. (8) It fails to aver that plaintiff had given anything of value for defendant's promise to allow plaintiff commission on the sale of Lincoln Cemetery that defendant itself made. (9) It shows on its face that the agreement was without consideration and was a nudum pactum. (10) It shows that defendant, at any time before plaintiff effected a sale of the property, had the right to dismiss plaintiff and to do whatever it pleased with the property. (11) It admits that plaintiff never effected a sale of the property. (12) It shows that the sale of the property made by the defendant was not the result or culmination of any work done by plaintiff. (13) It fails to aver that the sale made by defendant was brought about by any services rendered by plaintiff. (14) It shows that defendant's original agreement to pay plaintiff a commission was contingent upon plaintiff selling the property or procuring a purchaser therefor."

GUNTER & GUNTER, for appellant.—It is admitted that mere authority to sell land on commission may be revoked at any time before a sale, but there is nothing about a special contract involving an authority to sell land with other property which takes it out of the ordinary and universal rule governing contracts and their breach. The implication here is that the agent be allowed a reasonable time for completion of the contract for compensation for work and labor done under it, if it is annulled.—*Roehn v. Horst*, 178 U. S. 1. The agreement to take care of the agent was not a nudum factum. —*Chambers v. Seay*, 73 Ala. 372; s. c. 87 Ala. 558; *Worthington v. McGarry*, 42 South. 988; see also.—13 Am. Sr. Rep. 300; 34 Am. Rep. 49; 15 Pac. 802; *Holland v. Howard Bros.*, 105 Ala. 538; 59 S. W. 1082; 67 S. W. 830; 62 Pac. 1067; 46 S. E. 811.

GOODWYN & McINTYRE, for appellee.—The agreement to take care of the agent was a nudum factum.— *Counts v. Harlan,* 78 Ala. 544. The revocation of authority could not supply a consideration for the promise.—*Chambers v. Seay,* 73 Ala. 372; *Union R. Co. v. Barton,* 77 Ala. 155; *Henderson v. Vinson,* 84 Ala. 99; *Worthington v. McGarry,* 42 South. 988.

SIMPSON, J.—This action was brought by the appellant against the appellee. All of the counts of the complaint, except count 2, were withdrawn. A demurrer to count 2 was sustained by the court, and upon this ruling the plaintiff was allowed to take a nonsuit, "with leave to assign said adverse ruling by the court for error on appeal." Hence the only question for consideration is the action of the court in sustaining the demurrer to said second count of the complaint.

It is not denied that the general principle is that an authority to sell land may be revoked at any time before sale, and that the owner will not thereby incur any obligation to the agent.—*Chambers v. Seay,* 73 Ala. 372. Appellant insists, however, that there were elements of contract in this case which differentiated it from the cases in which the courts have so held, and that, under the facts of this case, the plaintiff is entitled to recover the amount of commissions stipulated in the original agreement, as claimed in the second count of the complaint.

In the case of *Chambers v. Seay, supra,* this court, admitting the proposition that where an agent's authority is coupled with an interest it cannot be revoked, said: "To be irrevocable, it seems now well settled that the power conferred must create an interest in the thing itself, or in the property which is the subject of the power"—and held that an interest in the proceeds

of the sale did not constitute an interest in the property, saying further: "He had parted with no money, or other value, for the security of which the power of sale was conferred in the agreement. He had risked, in the venture of his agency, only his personal services and the expenses incidental to its execution. The undertaking to transport specimens of iron ore to England, and to advertise the lands there, may be embraced as a part of the ordinary expense to be incurred in the usual course of such employment. It is fair to presume that he risked this much in view of the large compensation to be reaped as commissions in the event of a successful sale" (page 378). The court goes on to intimate that, where an agent "has been prevented from effecting a sale by the interference of his principal," he may recover the value of his labor and expense, in a proper form of action; or "where the sale of the property is brought about by the advertisements or exertions of the broker or agent, etc.," he may recover his commissions (page 379). In the case of *Holland v. Howard Bros.*, 105 Ala. 538, 17 South. 35, the brokers were the procuring cause by which the purchaser was brought to the seller. In the case of *Worthington v. McGarry*, 149 Ala. 251, 42 South. 988, the broker agreed to procure certain options on lands and on the stock of a corporation, and did procure the options on the land, but claimed that he was prevented from securing the option on the stock by the defendant. This court held that the plaintiff could not recover compensation under the contract, but held that, when the performance by the plaintiff was prevented by the defendant, "the plaintiff was relegated to a suit for damages for a breach of the contract, or one on quantum meruit for services actually performed," and that "the plaintiff," upon a proper count, and upon proof of the val-

ue of his services in procuring the option as to the ore land, would have been entitled to recover; but it was error for the lower court to hold that under the written contract he was entitled to the price named therein for the obtaining of both options, when he only obtained one." Further authorities on this subject are collated in the case *Hutto v. Stough & Hornsby,* 157 Ala. 47 South. 1031.

In the case now under consideration there is no pretense of interest in the property ,within the meaning of the decisions. There is no claim that, but for the interference, that plaintiff would have closed the contract with the syndicate which he proposed to organize, and no allegation of the value of his services, or that they inured in any way to the advantage of the defendant, or tended in any manner to the consummation of the contract which the defendant made with another party. Said count claims distinctly, and only, the amount agreed to be paid under the contract, and does not show any facts tending to prove a compliance with the terms of the contract. Under said contract, as originally made, if it could be called a contract at all, the plaintiff was not under any legal obligation to do anything, but could have abandoned the project, at any time, without incurring any liability, thus showing that there were no mutual obligations to constitute a contract. That being the case, when the defendant notified the plaintiff to cease his efforts to form a syndicate and sell, it was acting entirely within its rights, and, as the plaintiff had no irrevocable rights under the authority to sell, there was no consideration to support the vague assurance that "he would be taken care of, just as if he had made the sale."

There was no error in sustaining the demurrer to said count 2.

The judgment of the court is affirmed.
Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ,. concur.