(81 South. 567)

ELDORADO COAL CO. v. RUST & SHELBURNE. (6 Div. 885.)

(Supreme Court of Alabama. April 10, 1919.)

1. BROKERS ☞48—COMPENSATION—WHEN ENTITLED TO.

A broker is entitled to his commission, when he produces to his principal a customer ready, willing, and able to buy on the terms provided by such principal, within the period allowed, or, if the time is not limited, before the revocation of the agency.

2. BROKERS ☞63(1) — COMPENSATION — DEFAULT OF PRINCIPAL.

If a broker procures purchaser able, ready, and willing to buy on terms stated, he is entitled to compensation though, by reason of his principal's fault, the sale is never made.

3. BROKERS ☞52 — COMPENSATION — PERFORMANCE.

Unless the contract of employment stipulates to the contrary, the procurement of a binding written contract between his employer and his customer is not necessary to complete performance of his duties on the part of a broker, provided the surrounding circumstances are such that the employer is in a position to execute it himself.

4. BROKERS ☞58 — COMPENSATION — PERFORMANCE.

If it was not a condition precedent to the authority of a broker to sell coal, or find a purchaser, that the purchaser supply equipment for moving the coal, it was not necessary for the broker to provide for the same in his negotiations with a purchaser, and failure to do so did not render a contract with the purchaser so indefinite as to render the transaction invalid, as the law would determine whose duty it was to furnish or procure the equipment, a matter with which the broker was not concerned.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5; BROKERS ☞79—ACTION FOR COMPENSA-
TION—FORM OF ACTION.

Where a broker brought the mind of the buyer and seller to an agreement upon the terms of sale, and the buyer was able, ready, and willing to buy, there was a constructive consummation of the sale so far as the broker was concerned, and the broker could maintain an action on the common counts and introduce the agreement as evidence of the value of his service.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by Rust & Shelburne against the Eldorado Coal Company. From a judgment in favor of plaintiff, defendant appealed. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

L. J. Haley, Forney Johnston, and W. R. C. Cocke, all of Birmingham, for appellant.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

ANDERSON, C. J. [1-4] A broker is entitled to his commission, when he produces to his principal a customer, ready, willing, and able to buy on the terms provided by such principal, within the period allowed, or if the time is not limited before the revocation of the agency. Handley v. Schaffer, 177 Ala. 654, 59 South. 286; Sharpley v. Moody, 152 Ala. 549, 44 South. 650; Smith v. Sharpe, 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; Richardson v. Olanthe Mill. Co., 167 Ala. 411, 52 South. 659, 140 Am. St. Rep. 45; 9 Corpus Juris, 595, 596. If the broker is to procure a purchaser on specified terms, and does procure one who is able, ready, and willing to buy on these terms, he is entitled to the compensation agreed upon, although by reason of his principal's, fault or refusal the sale is in fact never made. Handley v. Schaffer, supra; Sayre v. Wilson, 86 Ala. 151, 5 South. 157. According to the sounder and preferable view, unless the contract of employment stipulates to the contrary, the procurement of a binding, written contract between his employer and his customer is not necessary to the complete performance of his duties on the part of the broker, provided that the surrounding circumstances are such that the employer is in a position to execute it himself. 4 R. C. L. 306, § 48.

"The theory of the law is that when the broker has brought the minds of the buyer and seller to an agreement upon all the terms of sale, and the buyer is able, ready, and willing to buy, this is a constructive consummation of the sale, so far as the broker is concerned, because he has done all that he was required to do." Sayre v. Wilson, supra.

Here, according to the plaintiff's evidence, which seems to have been accepted by the jury, they had closed a trade with the G. F. & A. R. R. for 10,000 tons of coal covering a year by weekly delivery at the price authorized, and nothing further remained for them to do. The sale was sufficiently definite and in pursuance of the authority given by the defendant to the plaintiffs, as per the testimony of Rust. The defendant claims that the purchaser was to supply equipment for moving the coal, and that this was a condition precedent. This was denied by Rust, and if this was not a condition precedent to the authority to sell or find a purchaser it was not necessary for the plaintiffs to have provided for same in their negotiations with the buyer, for the failure to provide for this in the offer or contract of sale did not render the same so indefinite as to render the transaction invalid, for in the absence of such a stipulation the law would determine whose duty it was to furnish or procure the equipment for moving the coal, which would be a question between the buyer and seller and with which the broker would not be concerned. If this stipulation was not embodied in their authority to sell, then the brokers did not have to provide for or against same in their negotiations with customers, as the sale would be subject to the law of usage and custom in this respect.

[5] As above noted, when these plaintiffs brought the mind of the buyer and seller to an agreement upon the terms of sale, and the buyer is able, ready, and willing to buy, this was a constructive consummation of the sale so far as the plaintiffs were concerned, because they had done all they were required to do. There being nothing left for the plaintiffs to do, and as between them and the defendant nothing for it to do other than pay the plaintiffs their commission, the plaintiffs could maintain an action on the common counts and introduce the agreement as evidence of the value of their service. Stafford v. Sibley, 106 Ala. 189, 17 South. 324; Joseph & Bros. v. Hoffman, 173 Ala. 571, 56 South. 216, 38 L. R. A. (N. S.) 924, Ann. Cas. 1914A, 718; 5 Corpus Juris, 1386 (17).

The case of Cronin v. American Co., 163 Ala. 533, 50 South. 915, 136 Am. St. Rep. 88, is not in conflict with this holding. That was a case where the would-be seller terminated the contract with the broker before he produced the buyer, and the only possible bearing that it can have upon this case is in the citation and discussion of the case of Worthington v. McGarry, 149 Ala. 251, 42 South. 988, and which said last case is easily differentiated from the case at bar. There the plaintiff had not done all that he was employed or authorized to do; he was employed to secure an option on two properties mentioned (certain ore lands and the

majority of stock in a corporation). He did procure the option on the ore lands, but not upon the stock, as the defendant directed him not to do so, and undertook to get it himself. The court held that the contract related to both properties, and that, notwithstanding the plaintiff procured the option on the land, he had not performed his contract as to the stock, and if prevented from doing so by the defendant he should sue for a breach of the contract, and not upon the common counts. Here the plaintiffs did all that they had to do, and, according to their evidence, the right to sell the coal had not been withdrawn or prevented by the defendant, and as between these parties the contract was consummated by the plaintiffs, and as to them nothing remained for the defendant to do except to pay them.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.