WHEELOCK v. DILLARD. (6 Div. 159.)

(Supreme Court of Alabama. May 29, 1924. Rehearing Denied June 30, 1924.)

**1. Brokers ⊙═48—Broker producing customer ready, able, and willing to buy within time allowed entitled to commissions.**

Broker is entitled to commission when he produces for principal a customer ready, willing, and able to buy on principal's terms within period allowed, or, if time is not limited, before revocation of agency.

**2. Trusts ⊙═95—Land purchased by agent subject to constructive trust in favor of one who was to share in commissions.**

Where defendant having agency for sale of land employed complainant to assist him for share of commissions, and complainant produced customer ready, able, and willing to purchase, but defendant purchased land for himself, using his commissions to reduce purchase price, he held property subject to constructive trust in plaintiff's favor for one-third of commissions allowed in reducing price.

**3. Equity ⊙═273—Amended bill held not to present different cause of action.**

Where original bill was based on contract between parties to divide commissions in sale of land, and amended bill was based on same contract, which was foundation of right of complainant to have trust declared in land purchased by defendant, amendment did not introduce new cause of action.

Sayre and Gardner, JJ., dissenting.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill in equity by Chas. F. Wheelock against J. W. Dillard to declare a trust in lands. From a decree sustaining demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

Vassar Allen, of Birmingham, and W. F. Finch, of Jasper, for appellant.

A broker is entitled to commission when he produces to his principal a customer ready, willing, and able to buy on the terms provided by such principal, within the period allowed, or, if the time is not limited, before the revocation of the agency. Eldorado Coal Co. v. Rust & Shelburne, 202 Ala. 625, 81 South. 567; Handley v. Shaffer, 177 Ala. 636, 59 South. 286; Sharpley v. Lee, Moody & Co., 152 Ala. 549, 44 South. 650; Smith v. Sharp, 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; Richardson v. Olathe M. & E. Co., 167 Ala. 411, 52 South. 659, 140 Am. St. Rep. 45; Stout v. Thornhill, 16 Ala. App. 480, 79 South. 154. Whenever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person, or of the law, that he becomes interested for him, or interested with him in any subject of property or business, he is prohibited from acquiring rights in that subject, antagonistic to the person with whose interest he has become associated. Kent v. Dean, 128 Ala. 600, 30 South. 543; Insurance Co. v. Dangaix, 103 Ala. 388, 15 South. 956; Waller v. Jones, 107 Ala. 331, 18 South. 277; Lagarde v. Anniston Lime & Stone Co., 126 Ala. 496, 28 South. 199; Bestor v. Lapsley, 106 Ala. 240, 17 South. 389; Amberson v. Johnson, 127 Ala. 490, 29 South. 176; Rogers v. Johnson, 113 Ala. 589, 21 South. 477; Evans v. Evans, 200 Ala. 329, 76 South. 95; Brooks v. Griel Bros., 192 Ala. 235, 68 South. 874; Morris v. So. Realty & Con. Co., 203 Ala. 600, 84 South. 809.

C. H. Roquemore, of Montgomery, and A. F. Fite, of Jasper, for appellee.

Counsel argue questions raised, but without citing authorities.

MILLER, J. Charles F. Wheelock, complainant and appellant, filed this bill in equity against J. W. Dillard. It was amended twice, and seeks, as amended, to have a decree rendered declaring that the defendant holds certain lands described therein in trust for the benefit of complainant and defendant, and that complainant has a lien thereon for commissions or profits or other compensation due complainant by defendant under contract made by them in regard to this land.

The defendant demurred to the bill as amended, which demurrers were sustained by the court, and from this decree the complainant appeals and assigns it as error.

[1] This principle in Eldorado v. Rust, 202 Ala. 625, 81 South. 567, is applicable to some of the averments appearing in the bill as amended:

"A broker is entitled to his commission when he produces to his principal a customer ready, willing, and able to buy on the terms provided by such principal, within the period allowed, or, if the time is not limited, before the revocation of the agency."

In Scottish U. & N. Ins. Co. v. Dangaix, 103 Ala. 394, 15 South. 956, this principle was quoted with approval, which applies to this cause:

"Wherever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person, or of the law, that he becomes interested for him, or interested with him, in any subject of property or business, he is prohibited from acquiring rights in that subject, antagonistic to the person with whose interests he has become associated."

This same proposition of law and quotation was approved in Kent v. Dean, 128 Ala. 609, 30 South. 543, and on page 608 of this case we find this equitable principle quoted

with approval, which is applicable to the facts as averred in this bill as amended:

"Such trusts, termed ex maleficio or ex delicto, are, as Mr. Pomeroy' says, practically without limit, and in general, are properly applied. 'Whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentation, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property in the hands of the original wrongdoer or in the hands of a subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved of the trust.' 2 Pom. Eq. §§ 1053, 1055; 1 Story Eq. Juris. § 187; Manning v. Pippen, 86 Ala. 357; Moore v. Crawford, 130 U. S. 122."

[2] This bill of complaint as amended alleges that the defendant, Dillard, had a contract or agreement with the Lost Creek Coal & Mineral Land Company, whereby Dillard is to be paid a commission for the sale of all or a part of the lands of this company; that this company owned 2,800 acres or more of land. The complainant and defendant entered into a written contract on November 24, 1919, by which complainant was to aid and render services to defendant in making a sale of the said lands. This contract between the parties contains these clauses:

"1. That said Wheelock shall lend such aid and assistance as shall lie in his power to do to effect such sale.

"2. The said Dillard agrees that, in the event of a sale of said lands, or any part thereof, by him under any agreement with said company, the said Wheelock shall be entitled and shall be paid an amount of the commission or profits or other compensation coming to said Dillard in connection with said sale or sales equal to 33⅓ per cent. of the amount so coming or payable to said Dillard. Such payments shall be made to said Wheelock by said company or by said Dillard at the time said compensation or commission is payable to or received by said Dillard."

The bill as amended alleges the complainant secured, after entering into the foregoing contract, a purchaser, Moss and McCormack, for said lands. They were ready, willing, and able to pay the commissions due Dillard under this contract with the Lost Creek Coal & Mineral Land Company, and they were ready, willing, and able to pay the purchase price for the land according to the contract of Dillard to the Lost Creek Coal & Mineral Land Company within the time limit, but Dillard refused to let them have it. This, if true, would entitle complainant to his part of the commissions due under the contract, and the defendant would be liable for it. Authorities, supra.

The defendant, within a short time after this, and before the bill was filed, did purchase this land from the Lost Creek Coal & Mineral Land Company, and did take title thereto in himself; and in making such purchase of the lands the defendant did get the benefit of a reduction in the contract price equal or equivalent to the commissions payable to him, which amount to approximately $13,000. The purchase price paid by defendant for the land was reduced by the amount of the commission due the vendee, defendant, under his contract with the vendor. The complainant was interested in and owned one-third of this commission. The defendant received the benefit of it, and holds the same in the form of this land. The one-third of the commissions due complainant is not held by defendant in the form of money, but it is represented by land or interest in this land, for which it has been used in part payment of the purchase price, and the legal title to the land is held by the defendant. Complainant and defendant by contract were each interested in selling the land and in the commissions derived from a sale of it. The complainant secured a purchaser ready, willing, and able to buy the land on the terms of the vendor and to pay the commissions due complainant and defendant. The defendant prevented the consummation of this sale, and then purchased the property from the vendors, taking title to it in his name, and used the one-third commissions under the contract due complainant in reducing or paying part of the purchase price.

These averments in the bill as amended, if true, indicate the defendant purchased this property with the intent to' injure and defraud complainant of his right therein under the contract with the defendant for his part of the commissions. The complainant in equity and good conscience is entitled to receive from the defendant one-third of the commissions allowed the defendant by the vendors. It is unconscientious for him to hold the land and refuse to pay complainant one-third of the commissions.

The legal title to this property was obtained by the defendant from the Lost Creek Coal & Mineral Land Company through actual fraud of the rights of complainant, or under such circumstances which render it inequitable and unjust for him to hold, retain, and enjoy it entirely as against the rights of complainant therein under his contract with the defendant, without paying complainant one-third of the commissions, by which the price of the land was reduced. So we must declare that the defendant, under the averments of the bill as amended, holds this property in trust for the benefit of himself, subject to the rights of complainant therein

under his contract with the defendant, which entitles him to one-third of the commissions allowed defendant in reducing the price of the land. Equity will impress a constructive trust on this property thus acquired, and subject it to this right and this compensation due the complainant under his contract with the defendant, while the property is in the hands of the defendant, the wrongdoer, or "in the hands of a subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right and takes the property relieved of the trust." There is equity in the bill of complaint as amended. Eldorado v. Rust, 202 Ala. 625, 81 South. 567; Kent v. Dean, 128 Ala. 600, 30 South. 543; Scottish U. & N. Ins. Co. v. Dangaix, 103 Ala. 394, 15 South. 956.

[3] The appellee insists the bill as amended is demurrable, because it presents a cause of action entirely different from the one in the original bill. The original action in the original bill was based on this contract between complainant and defendant, and the purchase of this land by the defendant from the Lost Creek Coal & Mineral Land Company; and the action as presented by the amended bill is based on this same contract, which is the foundation on which rests the rights of complainant, and the purchase of that land by the defendant. The amendments do not introduce an entirely new cause of action from the one presented by the original bill.

The court erred in sustaining the demurrers to the bill as amended. They should have been overruled by the court. A decree overruling these demurrers will be entered here.

The decree is reversed, one is here rendered, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.
SAYRE and GARDNER, JJ., dissent.