O. SCOTT WOOD v. WILLARD B. WELLS.

*Real-estate brokers—Commissions—Instructions to jury—Waiver of objections.*

1. A real-estate broker who secures a purchaser, and brings the parties together, cannot be deprived of his earned commissions by the acceptance by the owner of the land of substantially the same offer, secured from the same customer by another party, and upon terms more favorable to the purchaser, notwithstanding the fact that the sale may have been finally consummated by the other party.

2. In a suit to recover a commission for the sale of real estate, the court stated to the jury that, under the undisputed evidence in the case, the plaintiff had the right to secure a purchaser for the land, and, in case of a sale through his procurement, he was entitled to a stated commission on the selling price. And it is held that, if the statement of the court was incorrect, it was the duty of the defendant's counsel then and there, before the case was finally submitted to the jury, to direct the attention of the court to the fact, and, not having done so, it must be presumed that the court was correct, and counsel cannot afterwards be permitted to contend otherwise.

Error to Ionia. (Dodds, J., presiding.) Argued November 2, 1894. Decided December 22, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*John Nichol* (*R. A. Hawley*, of counsel), for appellant.

*Chaddock & Scully*, for plaintiff.

MCGRATH, C. J. *Assumpsit* is brought to recover a commission for the sale of real estate. Defendant resided in Vancouver, Wash., and plaintiff at Ionia, where the property is situate. In November, 1892, plaintiff secured from one Welker an offer of $3,600, and communicated

said offer to defendant. Within a few days thereafter, the property was sold and conveyed, through one Calkins, to Welker, for $3,650. But, under this contract of sale, defendant paid the taxes for the year 1892, which did not become a lien upon the land until December, and which amounted to $51.41.

On the 12th of October, plaintiff wrote to defendant that he had a purchaser for the property; and on November 8 the offer and the name of the purchaser were communicated to defendant, with the request that defendant wire his acceptance. On November 14 defendant telegraphed to plaintiff to "accept offer, unless I telegraph you by Saturday;" and on November 16 defendant telegraphed: "Will not sell property for $3,600." On November 14 defendant had written, saying that he had received a better offer, which he had accepted. This letter was not, however, received until some days after its date.

Defendant insists that he finally sold the property, through Calkins, for $3,650. In his testimony he says:

"This sale was consummated through the efforts and instrumentality of Charles K. Calkins."

Nowhere does he claim that the offer of $3,600 and the name of the purchaser were not first communicated to him by plaintiff. The purchaser testifies as to a conversation had with Calkins as follows:

"He asked me $3,700 or $3,800. Before he left me, he asked me if I would give him $3,700, if I remember right. I says: 'No; I won't; not to-day.' He says to me, would I give $3,650. 'Well, sir,' I says, 'I will think about it, and let you know.' And if I remember right, the next morning I went to Mr. Calkins' house, and told him I would give him $3,650; and I wanted him to give me possession of it, and I wanted him to pay the taxes, as it was getting near the end of the year, and I had had no use of it. He said he would give me possession of the house, but disputed about paying the taxes. The taxes

103 MICH.—21.

seemed to divide us.  It seemed to be upsetting the trade. We both found out what the taxes were.  *  *  *  Finally, I said to him:  'You telegraph the judge, and I will pay for it, and he will pay the taxes himself.'  I paid for the telegram to Vancouver, and he answered back to Mr. Calkins to pay the taxes and let me have it.  I never made Mr. Wood any higher offer than $3,600, and there was nothing said about the taxes."

Under these facts, plaintiff must be held to have procured the purchaser, and brought the parties together, and cannot be deprived of his earned commissions by the acceptance of substantially the same offer, and upon terms more favorable to the purchaser, notwithstanding the fact that the sale may have been finally consummated by another.  *McCreery v. Green*, 38 Mich. 184; *Fox v. Rouse*, 47 Id. 558; *Hannan v. Moran*, 71 Id. 261; *Scott v. Clark*, 3 S. D. 486; *Fraser v. Wyckoff*, 63 N. Y. 448.  The court left it to the jury to determine who was the procuring cause of the sale, and they found for the plaintiff, and the verdict should not be disturbed.

The court instructed the jury that, if they found that plaintiff was the procuring cause of the sale, he would be entitled to a verdict for 2½ per cent. commission on the amount for which the sale was made.  It is urged that the statement as to the amount to which plaintiff was entitled was not warranted by the evidence.  Plaintiff had other property belonging to defendant in his hands for sale, at a stipulated commission of 2½ per cent.  But it is urged that this contract, relating to other property, did not warrant the court's instruction.  The court had already said to the jury that—

"Under the evidence in this case, that is undisputed, the plaintiff had a right to procure a customer and purchaser for the land in question; and, in case of a sale through his procurement, he was entitled to have a commission of two and one-half per cent. on the selling price."

No suggestion was made to the court in connection with this statement, nor does it appear there was any controversy over that question. Courts have the undoubted right to narrow the issues presented to the jury to such as are contested, and it is eminently proper so to do. If the statement of the court was incorrect, it was counsel's duty then and there, before the case was finally submitted to the jury, to direct the attention of the court to the fact. Not having done so, it must be presumed that the court was correct, and counsel cannot now be permitted to contend otherwise.

The judgment is affirmed.

The other Justices concurred.