(15 Misc. Rep. 151.)

## JONES v. HENRY.

(Common Pleas of New York City and County, Additional General Term. December 23, 1895.)

1. REAL-ESTATE AGENTS—COMMISSIONS FROM BOTH PARTIES.

A real-estate agent, employed to buy certain property at a certain price, does not forfeit the commission which the purchaser agreed to pay him because he secured another commission from the vendor after the vendor had accepted the terms offered.

2. SAME—BRINGING PARTIES TOGETHER.

Where a real-estate agent brings the parties together, and negotiations are thus opened between them, which continue without withdrawal of either party therefrom, and culminate in a sale, though on different terms than originally arranged, the broker is entitled to his commissions.

Appeal from Third district court.

Action by Joshua W. Jones against Archibald Henry for broker's commissions. Judgment was rendered in favor of plaintiff, and defendant appeals. Affirmed,

Argued before BOOKSTAVER and BISCHOFF, JJ.

Edwin G. Davis, for appellant.

George A. C. Barnett, for respondent.

BOOKSTAVER, J. The facts are undisputed. The plaintiff, a real-estate broker, called upon the defendant to ascertain whether he would buy a house in Fifteenth street. After some negotia-

tion as to the commission to be paid, the defendant agreed to pay him $100, "to buy 150 West Fifteenth street for $20,000 free and clear." Plaintiff submitted this offer to the vendor, and it was accepted. He told the vendor that he was to receive $100 commission from the vendee, and that, inasmuch as the regular commission was 1 per cent., he felt that he ought to receive more than that. The vendor thereupon agreed to pay him $100, and subsequently did so. A contract was drawn up and signed in the terms agreed upon, but before the title passed a new contract was entered into, without the knowledge of the plaintiff, whereby the vendee agreed to take the property subject to a $12,000 mortgage.

It thus appears that the plaintiff procured a contract from the owner of the house to sell it to the defendant upon the terms that the plaintiff fixed, and was willing to pay for it. This entitled him to his commissions. The fact that the seller afterwards found himself unable to complete the sale according to the terms, because a mortgage then upon the premises was not yet due, cannot deprive the plaintiff of his right to the agreed commissions; and the fact that the defendant subsequently agreed to a modification of the contract without the intervention of the broker in no way affects his right of action. Besides, it is not essential, to entitle a broker to his commissions, that he should have procured a purchaser upon the precise terms named by the principal at the time of the employment. If, through the instrumentality of the broker, the parties meet, and negotiations are thus opened between them which, continuing without withdrawal by either party therefrom, culminate in a sale, though for a sum less than that originally demanded, and upon terms deviating from those first fixed by the principal, the broker is entitled to his commissions. The principal possesses an undoubted right to adhere to the price and terms originally fixed, but if he deviates therefrom, and consents to a modification thereof, and thereupon concludes the sale with the person procured by the broker, he ratifies the latter's departure from his instructions, and is liable for the commission. Levy v. Coogan (Com. Pl.) 9 N. Y. Supp. 534; Gold v. Serrell (Com. Pl.) 26 N. Y. Supp. 5.

It is further claimed that the broker cannot recover a commission from both sides. This is ordinarily true, except where the broker acts as a mere middleman, or such double employment is known to both parties, or where he is not vested with discretion respecting the price and terms. Haviland v. Price (Com. Pl.) 26 N. Y. Supp. 757; Bonwell v. Auld, 9 Misc. Rep. 65, 29 N. Y. Supp. 15. In this case the broker did not ask a commission from the vendor until after the offer he submitted had been accepted. He had no discretion as to the price. The terms were fixed by the vendee. We think, therefore, that the interests of the vendee were not affected by plaintiff's accepting a commission from the vendor, and that under the circumstances he is entitled to a recovery.

Judgment affirmed, with costs.