# Smith v. Sharpe, et al.

## Assumpsit.

(Decided June 30, 1909. 50 South. 381.)

1. *Assumpsit; When Maintainable.*—Indebitatus assumpsit cannot be maintained on a sealed instrument under the common count.

2. *Same; Unsealed Instrument.*—Even as to unsealed instruments indebitatus assumpsit cannot be maintained on the contract unless the plaintiff shall have performed all of the stipulations of the contract on his part leaving nothing to be done by the other party but to pay.

3. *Brokers; Action for Commission.*—The fact that in stating the legal effect of a contract of employment no mention was made of the provision therein that the commissions were to be paid out of the first purchase money, did not constitute a substantial variance, in an action for commission on the sale of land

4. *Same; Right to Commission.*—A broker employed to sell land is entitled to his compensation when he brings to the seller a purchaser ready, able and willing to purchase on the terms named, or when he brings the parties together and a sale is afterwards consummated by the seller himself.

5. *Same; Waiver of Terms; Right to Commission.*—If a broker introduces a prospective purchaser and the seller undertakes to con-

duct the negotiation, and finally sells the property for less than the terms named in the contract of employment, the seller waives his right to insist on the terms of the contract in that respect, and is at least liable for a reasonable commission; and under such a state of facts, the original contract is admissible in evidence as a basis for the ascertainment of reasonable compensation.

6. *Same; Exclusive Employment.*—Where the owner of real estate employs an agent to sell it, he does not thereby preclude himself from employing other agents for the same purpose, or from selling it himself, if he acts in good faith.

7. *Same; License; Effect on the Contract.*—The failure of a broker to take out broker's license does not invalidate his contract to sell land for another.

APPEAL from Launderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by John A. Smith against Andrew Sharpe and others for commissions for sale of real estate. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

MITCHELL & HUGHSTON, and EMMET O'NEAL, for appellant. Appellant did nothing which required of him the taking out of the license providing for real estate brokerage, and covered by section 5467, Code 1896.—*Dudley v. Collier*, 6 South. 304; *Mfg. Co. v. Ferguson*, 113 U. S. 727; *Farrior v. New Eng. Mfg. Co.*, 88 Ala. 275; *Beard v. U. & A. P. Co.*, 71 Ala. 60; *I. C. S. O. Co. v. Wheelock*, 124 Ala. 357; *Moore v. The State*, 16 Ala. 411; 3 Words & Phrases, 2159. Counsel discuss other assignments of error, but without citation of authority.

GEORGE P. JONES, for appellee. The common counts cannot be used in an action on a deed, but it is necessary to declare specifically thereon.—1 Chitty on Contracts 10; 4 Cyc. 328; *Darden v. James*, 48 Ala. 33. To be entitled to recover plaintiff must show that he had fully performed all the obligations resting on him.—*Haas et al. v. Montgomery Iron Works*, 88 Ala. 323; *Moses v. Beverly*, 137 Ala. 472. As to when a real estate broker

[Smith v. Sharpe, et al.]

is entitled to commission, see.—*Cook, et al. v. Forst,*
116 Ala. 395; *Sibbald v. Bethelem I. Wks.,* 38 Am. Rep.
441.

SIMPSON, J.—This action was brought by the appellant against the appellees to recover $1,000 claimed to be due to the plaintiff as a broker for services rendered in and about a sale of certain property which belonged to the defendants. The defendants interposed a plea of the general issue, and also a special plea, to the effect that plaintiff had not taken out a license as a real estate broker. A demurrer to this second plea was interposed, and was overruled by the court. At the conclusion of the evidence the court, on the written request of the defendants, gave the following charge, to wit: "The jury will return a verdict for the defendants."

The first count alleges that on 26th of March, 1906, defendants employed plaintiff, "on a reasonable commission, to make a sale or find a purchaser" for the land, giving him the exclusive right to sell for six months; that, before the expiration of six months, plaintiff introduced to defendants one Ashcraft as a prospective purchaser; that immediately thereupon defendants, at the instance and request of plaintiff, undertook the negotiation of said sale, and concluded the same within a short time at the price of $13,000; that $1,000 is a reasonable compensation, etc. A demurrer was sustained to the second count, and no insistence of error on this account is made in the brief of appellant. The third count alleges the contract, as in the first, except that the compensation was definitely agreed on, in case the land should be sold for as much as $20 per acre, and alleges the introduction, and that the defendants "through such introduction" sold the land, and that

$1,000 is a reasonable compensation. Counts 4 and 5 are common counts for "work and labor" and on account.

The only evidence of employment shown by the bill of exceptions is a written contract, under seal, dated March 26, 1906, by which the exclusive right to sell the land is given to the plaintiff for six months, and it states: "We also agree that, if the said John Smith secures a purchaser for the above described farm at $20 per acre, we will pay him $1,000 for making the sale; his commissions to be paid out of the first purchase money." It is insisted by the appellee that the general charge was properly given in favor of the defendant, because of a variance between the allegata and probata. This principle is undoubtedly sustained by numerous authorities, and some of them hold specifically that an allegation of a verbal contract, or of one not under seal cannot be sustained by proof of a sealed instrument. It is also stated that indebitatus assumpsit, under the common counts, cannot be maintained on a sealed instrument.—*Nesbitt v. Ware & McClanahan,* 30 Ala. 69, 74; *Sommerville v. Stephenson & Johnson,* 3 Stew. 271, 276, 277; *Hatch v. Crawford, Admx.,* 2 Port. 54; 4 Cyc. 323, 324. It is also true, even as to unsealed instruments, that, in order to maintain indebtitatus assumpsit on the contract, the party suing must have performed all of the stipulations of the contract on his part, leaving nothing for the other party to do but to pay the money.—*Darden v. James,* 48 Ala. 34; *Ezell v. King,* 93 Ala. 470, 473, 9 South. 534; *Maas & Swartz v. Montgomery, I. Works,* 88 Ala. 323, 329, 6 South. 701; *Wilson v. Smith,* 111 Ala. 170-176, 20 South. 614; *Martin v. Massic,* 127 Ala. 504, 508, 509, 29 South. 31; 4 Cyc. 326-328.

But we do not understand that, in this case it is necessary to resort to the common counts, nor do we think there is any substantial variance between the allegations of the complaint and the evidence.   The fact that, in stating the legal effect of the contract, no mention was made of the provision that the commissions were to be paid' out of the first purchase money, does not constitute a substantial variance.—*Finch v. Guardian Trust Co.,* 92 Mo. App. 263.   The gravamen of the cause of action under the special counts is that the defendant had previously entered into an agreement with the plaintiff, stating in legal effect what that agreement was; that after the plaintiff had performed services under that contract, and had introduced to the defendants a prospective purchaser, the defendants (by an agreement between the plaintiff and themselves) undertook to carry on the further negotiations for the sale of the property, and did consummate a sale, and that thereby the defendant undertook and assumed to pay the plaintiff a reasonable compensation for his services.   While the original contract may be introduced in evidence, and would furnish a basis for the ascertainment of reasonable compensation, yet the suit is essentially upon the new or modified contract, and not upon the sealed instrument.   It will not be disputed that, if the defendants had effected a sale at $20 per acre, they would have been liable for the $1,000 agreed to be paid; for they were, by agreement, acting in place of the plaintiff in consummating the sale.   It is also evidently true that if the plaintiff had continued the negotiations, and had finally, by the consent and acquiescence of the defendants, effected a sale for a less amount, he would be entitled to some compensation.   If, then, the defendants, acting in place of the plaintiff in conducting the negotiations and at the same time representing them-

selves, concluded a sale for a less consideration, which was satisfactory to themselves, it is difficult to see how they could thus absolve themselves from all obligation to compensate the plaintiff for the services which he had rendered and of which they had availed themselves.

At an early day in Alabama, when the distinction between sealed and unsealed instruments was probably more marked than at this time, it was said: "Covenant can only be maintained upon a writing under seal. If a contract be unattested by seal, or is unwritten, the action by which redress can be had for nonperformance is debt or assumpsit, or either, according to the subject-matter. If new terms are introduced into a contract, other duties imposed, or another day provided for its consummation, it is clear that the original contract does not remain unimpaired, so that an action would then lie for a breach of its stipulations." The court went on to hold that the remedy was on the modified parol agreement.—*McVoy v. Wheeler et al.,* 6 Port. 201, 205, 206. To the same effect are the cases holding that, when a written building contract is subsequently modified by the parties, the contractor may recover on a quantum meruit.—*Hutchison v. Cullum,* 23 Ala. 622. It is a general principle, frequently applied to builders' contracts and to others, that a modification of the requirements by mutual consent will be a waiver of special stipulations thereby rendered impossible, and that the party who consents to such modification is liable for reasonable compensation to the other party, whose work and labor has been accepted and availed of.—*Cornish v. Suydam,* 99 Ala. 620, 622, 13 South. 118; 6 Cyc. 84; *Davis v. Badders & Britt,* 95 Ala. 348, 359, 11 South. 422.

Coming particularly to the rights of real estate brokers, it may be stated as a general proposition that a

[Smith v. Sharpe, et al.]

broker employed to sell land is entitled to his compensation if he brings to the seller a purchaser able, ready, and willing to purchase on the terms named, or if he brings them together and the sale is afterwards consummated by the seller himself. Again, if he introduces a prospective purchaser, and the seller undertakes to conduct the negotiations, and finally sells the property for less than the terms named in the contract, he thereby waives his right to insist on the terms of the contract in that respect, and is liable at least for a reasonable commission, and the contract may be introduced as a guide for the jury in arriving at what is reasonable compensation.—*Jones v. Henry,* 15 Misc. Rep. 151, 36 N. Y. Supp. 483; *Plant v. Thompson,* 42 Kan. 664, 22 Pac. 726, 16 Am. St. Rep. 512; *Sylvester v. Johnson,* 110 Tenn. 392, 75 S. W. 923; *Stinde v. Blesch,* 42 Mo. App. 578; *Ratts v. Shepherd,* 37 Kan. 20, 14 Pac. 496; *Martin v. Silliman,* 53 N. Y. 615. It is true, also, as a general proposition, that if a person enters into a contract with an agent authorizing him to sell land, and the agent fails after a reasonable time to effect a sale, or according to some authorities at any time, the principal may sell his own land, or do so by another agent, unless he has bound himself not to do so.—*Sibbald v. Bethlehem I. Co.,* 83 N. Y. 378, 38 Am. Rep. 441. In this case it is said: "If, after a broker has been allowed a reasonable time, * * * the seller in good faith and fairly has terminated the agency," the agent is not entitled to commissions on a sale otherwise made, although the sale is made to one who has been introduced by the agent.—83 N. Y. 390, 38 Am. Rep, 451.

In the view we take of this case it is not necessary to determine whether the fact that the contract gives the exclusive right to the agent and fixes a definite time within which the sale shall be made modifies this prin-

ciple though it would seem that the time fixed by the parties in the contract would be persuasive to show what was a "reasonable time." The New York Court of Appeals has held that, when a person has given an agent the exclusive right to sell, the principal cannot relieve himself from paying the commissions by selling the property.—*Moses v. Bierling et al.,* 31 N. Y. 462. So held the Supreme Court of Iowa; but there were special provisions in the contract.—*Metcalf v. Kent,* 104 Iowa, 487, 73 N. W. 1037. On the other hand, the same court has held that, where there were no special provisions negativing the right of the principal to sell, he could sell to another person, not brought to him by the agent.—*Ingold v. Symonds et al.,* 125 Iowa, 82, 99 N. W. 713, citing cases. Our own court has held that "the owner of real estate, by employing an agent to effect a sale thereof, does not thereby preclude himself from employing other agents to sell it, or from effecting a sale himself, provided that in making the sale himself he acts in good faith"; also that "the owner of real estate cannot avail himself of the services of an agent employed by him, who procured a purchaser, to effect the sale himself to such purchaser, and thereby deprive the agent of his commissions; nor can he, merely to save the commissions agreed to be paid to the agent, effect such sale at a small reduction of price," or by making immaterial changes; and in that case it was said that "fair dealing between the parties would demand of the owner that he disclose his intention to the agent before concluding the sale." The testimony is not set out in that case, but the judgment for the defendant was sustained.—*Cook & Bro. v. Forst et al.,* 116 Ala. 395, 22 South. 540.

Much stress is laid in the cases on the facts whether the agent has had a reasonable time to effect the sale

[Smith v. Sharpe, et al.]

and failed, whether the contract has been terminated, and whether the principal acted in good faith. In a case where a sale was effected by the principal to the party with whom the agent had previously been negotiating, we said: "Under these authorities, and in view of the conflict in the testimony as to the nature of the contract between the parties, and as to whether there was a revocation of the authority to the plaintiffs to sell, there was no error in the refusal of the court to give the general charge in favor of the defendant. If, as claimed by the plaintiffs, they were interrupted in their negotiations for a sale of the property by the request of the defendant to hold the proposition for a few days, until he could ascertain whether he could borrow the money, and during said few days, without terminating the agency, defendant continued the negotiations along the same line, and concluded the sale even at a less purchase price, the brokers would be entitled to their commissions."—*Hutto v. Stough & Harnsby,* 157 Ala. 566, 47 South. 1031, 1034.

Under these authorities, we hold that the court erred in giving the general charge in favor of the defendants.

The fact that Smith had not taken out license as a broker did not invalidate his contract.—*Sunflower Lumber Co. v. Turner Supply Co,* 158 Ala. 191, 48 South. 510. The evidence showed, at any rate, that he was not engaged in that business.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.