# Richardson, *et al. v.* Olanthe Milling & Elevator Co.

## *Assumpsit.*

(Decided June 2, 1910.   52 South. 659.)

*Brokers; Commission; Right to.*—A broker who finds a customer ready, able and willing to purchase at the seller's price, is entitled to his commission; but if.the order is revocable at pleasure, the buyer's revocation thereof is conclusive that he is not willing to purchase, so that where plaintiff who was authorized to do so took two orders for a certain kind of flour which orders the buyer cancelled, when the seller explained to him the quality of the flour ordered, the broker was not entitled to his commission since the seller was

not at fault in truthfully stating the quality of the flour. The rule is different, however, if the seller refuses to deliver goods sold for him by the broker, or improperly prevents the consummation of the sale. In that case the seller becomes liable to the broker for commission.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by E. O. Richardson against the Olanthe Milling & Elevator Company, for commissions on the sale of flour. Judgment for defendant and plaintiff appeals. Affirmed.

ERNEST LACY, for appellant. A broker who is employed to sell property on commissions earns his compensation when he has been the efficient agent in procuring a satisfactory purchaser who is able, ready and willing to buy the property on the terms fixed by the owner. —*Sayre v. Wilson*, 86 Ala. 151; *Hutto v. Stough & Hornsby*, 47 So. 1031; 4 A. & E. Enc. of Law, 972-7, 2nd Ed.

STERLING A. WOOD, and A. F. FITE, for appellee. The action was upon special contract, and unless every item of said contract is established and also a damnifying breach thereof, the appellant was not entitled to recover notwithstanding he also sued upon the common counts.—*Anderson v. English*, 121 Ala. 135. Under the facts as disclosed, plaintiff was not entitled to commission.—*Gold v. Oates C. Co.*, 147 Ala. 629; *Bir. P. & R. Co. v. Gillespie*, 50 So. 1032; *McKinley v. Dunham.* 42 Am. Rep. 742.

SIMPSON, J.—The suit is by the appellant against the appellee, to recover commissions claimed to be due the plaintiff for services in selling a certain quantity of flour. The evidence is without conflict that plaintiff was authorized to take orders from merchants for flour to

be furnished by the defendant; that plaintiff did take orders from two mercantile firms for a quantity of flour at prices which had been fixed by defendant; that the defendant, thinking from the size of the orders that said merchants had not understood the quality of the flour, wrote to them explaining that it was an inferior quality of flour, and they countermanded the orders.

It is true, as contended by the appellant, that when a broker has found a customer ready, able, and willing to purchase at the price fixed by the seller, he has earned his commissions; yet it is also true that when the result of the broker's labors is a mere order for goods, which is revocable at the pleasure of the party making the order (*McKindly v. Dunham*, 55 Wis. 515, 13. N. W. 485, 42 Am. Rep. 742; *Gould v. Cates Chair Co.*, 147 Ala. 633, 634, 41 South. 675), a revocation of said order is conclusive evidence that the purchaser is not willing to purchase the goods.

The seller, in this case, did not refuse to fill the order, but merely made a candid and honest statement of the quality of the flour, leaving the purchasers the option either to reaffirm the order, to change it to a better quality, or to revoke the order.

It is true also that if the seller refuses to deliver the property, or by any improper action on his part prevents the consummation of the purchase, he would be liable for the commissions, but we cannot consider the action of the seller in this case as improper. To hold otherwise would be to place a man in fault for telling the truth.

The court properly gave the general charge in favor of the defendant, and the judgment of the court is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.