Morgan, J.
Plaintiff had judgment on a verdict in his action for a commission on a sale of real estate. Defendants, plaintifs in error, rely upon but three of their assignments of error.
First, that the court erred in not striking the amended complaint from the files, on their motion that it was a departure from the original and stated a new cause of action, because the original was upon a special contract and agreement to pay a specified sum as a commisison, and the amended complaint was upon a quantum meruit. The amended complaint was practically the same as the original, merely changing the allegation of a specified sum, to- “the regular commission usual and customary to be paid in the City and County of Denver, Colorado’, on such sales.” This did not state a new cause of action, and the motion was properly overruled.
*509 Second, that it was error to refuse their instruction for a directed verdict, based upon the insufficiency of the evidence. The plaintiff made a prima facie case by testimony that tended to prove his authority to sell, and that he Was the procuring cause of the sale that was made, it being stipulated that $412.50 was the regular commission alleged in the amended complaint. The defendants rely, almost exclusively, upon the testimony of the defendants, and the purchasers, that another agent consummated the sale and was the procuring cause thereof; and that, when real property is placed in the hands of rival agents, the seller is only liable to the one who consummates the sale, there being no exclusive agency. This is a true proposition of law, if the seller remains neutral as to the rival agents, and gives each of them an equal opportunity to bring the parties together and consummate the sale; and the court submitted to the jury this proposition in reasonably clear language, but the jury found for the plaintiff. There is evidence in the record upon which such finding can be based; the plaintiff testified that he brought from the purchasers, who purchased the property, to the defendants, an offer of the exact sum for which he was authorized to sell the property, and that the offer was refused because it was not enough on account of some expense that had been incurred in renewing, or raising, a loan on the property; the defendant to whom the offer was made admitted that plaintiff came to him and gave him the names of the purchasers, and that plaintiff told him they would pay the price for which he was authorized to sell, and that he then told the plaintiff he could not talk business with him as to these purchasers because they were the same as the other agent had been negotiating with for about six months. From this testimony on each side of the controversy, respectively, the jury could base a finding that'the defendants were not neutral, but favored the other agent, giving him a better opportunity to consummate the sale, by refusing the offer made through the plaintiff and by refusing to talk *510 business with him as to the purchasers the other agent had been negotiating with. . It appeared, furthermore, from the evidence of the defense, that the same day that plaintiff communicated the offer, the defendant, to whom the offer was made, saw the purchasers, and that the following Fri, day, just three days later, the sale was made by a deposit of $500; that the other agent was paid only $100 commission. The other agent did not testify, and it did not appear that he ever communicated any offer or other evidence of anything: he had accomplished in his negotiations with the purchasers, except to talk to them about the purchase of it about the same number of times that the plaintiff did, and to be with the parties when the sale was made on the Friday, aforesaid. One of the purchasers corroborated the plaintiff as to the offer made by him to the plaintiff to be communicated to thé defendants. All the defendants’ evidence showed that the price paid was about $350 more than the amount offered, as aforesaid.
In view of the evidence, as aforesaid, and of the better opportunity of the jury to determine the facts, and not overlooking the fact, appearing in the evidence, that the case was tried at least twice in the lower court, and that a motion was finally overruled asking for a new trial, the verdict will not be disturbed.
Third, it is contended that the court erred in not directing a verdict for the defendant, Goodstein, because his wife was the co-owner with the other defendant, and Goodstein had no interest in the property. But the plaintiff testified that Goodstein told him that he was a partner of Idelson, his co-defendant, in the property; that he talked with Good-stein, first, about selling property for him, and that he sent him to Idelson, saying that Idelson transacted all the business concerning their property, and would give him the price, etc., and that whatever Idelson did he would “stand for;” that he told Idelson Goodstein had sent him, and that Idelson said Goodstein was his partner. Goodstein admitted *511 on the witness stand that “he might have sent plaintiff to Idelson;” and there is no evidence that plaintiff knew, before the sale was made, that Mrs. Goodstein was the owner of the undivided interest in the property, instead of her husband. From these facts, the jury had evidence before it upon which to base the verdict against Goodstein.
• The judgment of the lower court is therefore affirmed.