(91 South. 382)

GARNET v. GUNN. (8 Div. 371.)

(Supreme Court of Alabama. Oct. 13, 1921.)

1. Brokers ⬅➡57(2)—Broker held not entitled to a commission on trade of an interest in lots listed made by the owner independently on different terms.

Where the owner of lots listed with a broker for sale at a fixed price agreed conditionally with a purchaser procured to trade the lots for an automobile as a satisfactory equivalent, and then by mutual consent they withdraw therefrom, and thereafter, on discovering that he had only a one-fifth interest in the lots, they traded automobiles, the owner conveying his interest in the lots to boot, the broker, having nothing to do with the last-mentioned trade, which was entirely separate from the first, was not entitled to a commission since the contract was not performed according to its terms, and, the broker having no exclusive right in the premises, the owner had the right, without reference to him or his claim, to deal in good faith with his property on terms not involving an appropriation of what the broker did.

2. Brokers ⬅➡57(2)—Principal answerable in quantum meruit if, accepting benefit of broker's services, he continues negotiation but consummates radically different trade.

If a principal without bona fide interruption continues a negotiation in the way of which he has been put by a broker, and thus accepts the benefits of the broker's services, but consummated a trade radically different from that contemplated by the parties, he is answerable to the broker in a quantum meruit.

3. Brokers ⬅➡84(1)—Burden on broker to establish value of services on basis of quantum meruit.

Where a principal is answerable to a broker in quantum meruit, the broker as a condition to recovery has the burden of proving the amount of compensation reasonably deserved by him for his labor.

4. Brokers ⬅➡86(8)—Contract contemplating compensation for a definite service not evidence of value of service actually rendered to principal negotiating a different trade from that contemplated.

A contract with a broker to pay a fixed commission for a certain definite service is not sufficient evidence of the value of the services actually rendered by a broker where the principal continues negotiations and arrives at a trade radically different from that contemplated.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Assumpsit by E. E. Gunn against W. W. Garnet. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The following are the counts of the complaint submitted to the jury:

(1) Plaintiff claims of the defendant the sum of $100, with the interest thereon, for work and labor done by plaintiff for defendant on or about April, 1918, at his request, which sum of money is still unpaid.

(3) Plaintiff claims of the defendant $100. with the interest thereon, for that on or about April, 1918, defendant contracted with him to sell some lots of real estate for the sum of $800, and in consideration of such services agreed to pay plaintiff $100; that plaintiff produced to the defendant a purchaser who agreed to purchase said lots, and defendant and said customer so produced agreed upon the purchase and sale of said lots, the defendant agreeing to accept from said purchaser an automobile at the agreed valuation of said purchase price, and did accept said automobile, and executed contract in writing to make and deliver a deed to said purchaser conveying said lots; that no part of said sum agreed to be paid plaintiff for his services has been paid, although long since past due.

E. W. Godbey, of Decatur, for appellant.

Gunn is not entitled to commissions under the facts in this case. 167 Ala. 411, 52 South. 659, 140 Am. St. Rep. 45; 9 C. J. 603-605; 204 U. S. 228, 27 Sup. Ct. 275, 51 L. Ed. 454; 103 Ala. 641, 15 South. 900; 195 Ala. 236, 70 South. 273; 149 Ala. 256, 42 South. 740.

S. A. Lynne, of Decatur, for appellee.

Under all the facts, Gunn was entitled to the commission. 177 Ala. 636, 59 South. 286; 9 C. J. 532; 57 South. 79; 203 Ala. 191, 82 South. 441; 86 Ala. 146, 5 South. 473; 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52.

SAYRE, J. Plaintiff, appellee, sued and had judgment for commissions alleged to have been earned in finding a purchaser for two certain lots owned by defendant in the

city of Sheffield. Counts 1 and 3, framed in common and special assumpsit respectively, were submitted to the jury.

[1-4] The evidence without dispute showed that, by the terms of the original contract between the parties, plaintiff was to be paid the sum of $100 in the event he procured a purchaser for defendant's lot at the price of $800, and that this plaintiff failed to do. At first defendant and his vendee agreed conditionally upon a sale of the lots on consideration that the vendee would convey to defendant an automobile; and the jury may have been authorized to infer that the defendant was to accept the automobile as a satisfactory equivalent for $800. Had the proposed trade been consummated in the terms stated, or on terms deemed equivalent, by the parties thereto, plaintiff would have been entitled to his agreed commissions. But the evidence showed—and this, too, without dispute—that the parties to the negotiation by mutual consent withdrew from a trade upon the terms mentioned, as they had a right to do without imposing any liability on defendant (Richardson v. Olanthe, 167 Ala. 411, 52 South. 659, 140 Am. St. Rep. 45), and that afterwards, it having been learned, as he testified by defendant, and as well by his proposed vendee, that defendant had only a one-fifth interest in the lots, they exchanged automobiles, defendant conveying his interest in the lots to boot. According to defendant's testimony, plaintiff had nothing to do with the negotiation for this last-mentioned trade, which, according to defendant, was entirely separate from the first. The contract between the parties to this cause not having been performed according to its terms, and plaintiff having no exclusive right in the premises, defendant had the right, without reference to plaintiff or his claim, to deal in good faith with his property on any terms that did not involve an appropriation of the benefit of what plaintiff had done in the way of procuring a purchaser. Bruce v. Drake, 195 Ala. 236, 70 South. 273; Alexander v. Smith, 180 Ala. 541, 61 South. 68; Handley v. Shaffer, 177 Ala. 636, 59 South. 286. It follows that plaintiff was not entitled to a verdict under the third count of the complaint unless, indeed, the parties to the trade undertook to achieve a result substantially in accord with the terms laid down in the contract between the parties to this cause, but gave it a different form in order to defraud plaintiff of his commission. But such a conclusion seems hardly possible under the undisputed evidence. And if defendant, without definite and bona fide interruption, continued the negotiation with his vendee, into the way of which he had been put by plaintiff, and thus accepted the benefit of plaintiff's services, but arrived at a trade radically different from that original-

ly contemplated by the parties, he would be answerable to plaintiff in a quantum meruit. But, in that event, there devolved upon plaintiff, as a condition to recovery, the burden of proving the amount of the compensation he reasonably deserved to have for his labor. There was no proof of the value of the service rendered by plaintiff on the hypothesis now under consideration. The original contract between the parties, contemplating compensation for a definite, different result, in and of itself afforded no sufficient evidence of the value to defendant of the service actually rendered. Anderson v. Knox, 20 Ala. 161. We take it that the court in Smith v. Sharpe, 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52, intended to say no more than that, in a case like that made by the common count in this record, the jury had a right to look to the contract in determining the reasonableness of the compensation awarded, not that a contract to pay a fixed price would, in and of itself, be evidence of the reasonable value of services rendered in procuring a purchaser at a substantially different price. Certainly the cases cited on page 439 of the opinion hold to no such doctrine. Our further conclusion, therefore, is that, on the evidence shown in this record, which purports to contain all the evidence adduced in the cause, plaintiff should not have been allowed to recover on the first count of the complaint.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.