No. 11,233.

WALKER v. BENNETT AND MYERS INVESTMENT Co.

Decided March 15, 1926.

Action for broker's commission on sale of real estate. Judgment for defendant.

*Reversed.*

1. VERDICT—*Directed—Evidence.* Where there is evidence which, if believed by the jury, would justify a verdict for plaintiff, it is error for the court to direct a verdict for defendant.

2. TRIAL—*Jury Questions—Court Findings.* Findings of the court upon questions which are for the jury, are of no force.

3. BROKERS—*Real Estate—Commission.* Where a broker introduces a customer to the owner of real estate, who makes a sale, the broker is entitled to a commission, and a sale made to the customer by another agent of the owner will not deprive the introducing broker of his right to compensation.

4. *Real Estate—Exclusive Agency.* Where a real estate broker's employment is not exclusive, the owner may sell through any agent; but if by favoring one broker with a better price or terms, a rival who first introduced the purchaser is prevented from completing the sale, the latter will be entitled to his commission, although the sale is made by another.

5. APPEAL AND ERROR — *Insufficient Complaint — No Objection Below.* Although a complaint states no cause of action, a judgment for defendant will not be affirmed on that ground on review, no objection having been made below and no opportunity afforded plaintiff to amend.

6.  PLEADING—*Evidence.*  Evidential matter should not be pleaded.

7.  *Answer.*  No fact inconsistent with a material fact in the complaint should be set up in the answer.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for plaintiff in error.

Messrs. BENEDICT & PHELPS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

WALKER sued the Bennett & Myers Investment Company for a commission on the sale of real estate.  The court directed a verdict for defendant.  Walker brings error.

The direction of the verdict was erroneous.  There was evidence which would justify the jury in believing that the defendant employed Walker to sell or procure a purchaser for the Belvedere Block; that Walker instituted negotiations with one Grimes, who would not purchase on the terms given to Walker by defendant, of all of which defendant was notified; that while this negotiation was in progress defendant granted more favorable terms to Grimes and thereby completed the sale.  If the jury believed this they ought to have found a verdict for plaintiff; consequently the direction of the verdict was wrong.

The court made extended findings of fact, but findings of the court upon questions which are for the jury are of no force.  *Faris v. Beck,* 74 Colo. 480, 484, 222 Pac. 652.

It is claimed that the sale was finally consummated through another broker, one Levy, but that was the

same thing as if it had been consummated directly between the defendant and Grimes. *Millage v. Irwin,* 68 Colo. 188, 187 Pac. 525. The beginning of negotiations with Grimes and the making him known as a possible purchaser to the defendant was the same as an introduction, and a sale made to such a customer entitles the broker to his commission. *Geiger v. Kiser,* 47 Colo. 297, 304, 305, 107 Pac. 267; *Combs v. Langston Inv. Co.,* 100 Okl. 21, 227 Pac. 94.

Defendant in error cites certain cases to the effect that where the broker's employment is not exclusive, the owner may sell through any broker. Such is the rule *(Hodgin v. Palmer,* 72 Colo. 331, 335, 336, 211 Pac. 373; *Scott v. Lloyd,* 19 Colo. 401, 404, 35 Pac. 733); but if by favoring one broker with a better price or terms, the rival broker who first procured or introduced the purchaser is prevented from completing his work, he is entitled to the commission. *Millage v. Irwin, supra.*

The defendant in error claims that the evidence shows no change of price or terms, but we have computed it carefully, and the property was sold on terms more favorable to Grimes by $10,000 than the terms given to Walker.

It is claimed that the complaint states no cause of action against the defendant company. That is true, but we do not affirm the case on that ground, because if the objection had been made below, the court ought to, or at least, might have permitted an amendment to conform to the plaintiff's evidence, especially since the answer states enough, though in the form of evidential facts, to cure the defect in the complaint. Both the complaint and the answer state much more evidential fact than anything else, which considerably confuses the case. This should not be done. 27 C. J., 777; *Denver v. Bowen,* 67 Colo. 315, 184 Pac. 357; *Swanson Co. v. Pueblo etc., Co.,* 70 Colo. 83, 197 Pac. 762; *Cuenin v. Halbouer,* 32 Colo. 51, 54, 74 Pac. 885; *Mott v. Baxter,* 29 Colo. 418, 68 Pac. 220, and many other cases in this

court. If the complaint had been substantially in the form of 1 Estee's Pleading (4th Ed.), § 896, and the answer had been a general denial, all the evidence which was introduced on either side would have been as competent as under the present pleadings and the plaintiff would have avoided the insufficiency of his complaint. No fact, inconsistent with a material fact in the complaint, should be set up in the answer. It is evidence in support of a denial. Code 1921, §§ 77, 78; *Payne v. Williams,* 62 Colo. 86, 160 Pac. 196; *Mott v. Baxter, supra; Sylvis v. Sylvis,* 11 Colo. 319, 330, 17 Pac. 912; Pom. Rem. 691. The pleadings should be amended.

Judgment reversed and new trial granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.