No. 12,459.

NESS ET AL. v. TODD.

Decided October 28, 1929. Rehearing denied November 15, 1929.

Mr. R. R. Riley, for plaintiffs in error.

Mr. J. E. Little, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

The plaintiff Todd is a licensed real estate broker. The defendants Thomas Ness and Emma Ness, who owned property in Colorado Springs, listed the same with Todd for sale at $2,850. Soon thereafter the plaintiff obtained a prospective purchaser, Mrs. Heath, and plaintiff took her and her husband to the property and showed it to them and introduced them to the owners. Mrs. Heath expressed herself as pleased with the property but desired to get a reduction in price. About two weeks thereafter the defendants sold this property through another broker to Mrs. Heath for the sum of $2,500 without notifying the plaintiff of such sale and defendants did not theretofore or at any time list the property with plaintiff for any other price than $2,850. After the sale plaintiff learned of it when he demanded his commission from the defendants, which they refused to pay, and this action by Todd is to recover the commission of $100, which amount was agreed upon between him and the owners in the event of a sale. The plaintiff was not given the right of an exclusive sale of this property. The sale as actually made was by a subsequently appointed broker. The property was sold by this broker to a buyer whom the plaintiff Todd introduced to the owners and at a price $350 less than the property had been listed with him.

In *Millage v. Irwin,* 68 Colo. 188, 187 Pac. 525, and in *Walker v. B. & M. Inv. Co.,* 79 Colo. 170, 244 Pac. 465, we had occasion to consider and determine controversies of this nature. In the Walker case we held that

where a real estate broker's employment is not exclusive the owner may sell through any other agent, but, if by favoring one broker with a better price or terms a rival, who first introduced a purchaser, is prevented from completing the sale, he will be entitled to his commission although the sale is made by another agent. In the Millage case, which was approved by the Walker case, we said, quoting from *Idelson v. Robinson,* 27 Colo. App. 507, 150 Pac. 322: "The defendants rely, * * * that, when real property is placed in the hands of rival agents, the seller is only liable to the one who consummates the sale, there being no exclusive agency. This is a true proposition of law, if the seller remains neutral as to the rival agents, and gives each of them an equal opportunity to bring the parties together and consummate the sale." And we further said in the Millage case, page 192, quoting from 4 R. C. L., p. 320, §57: "Thus the law will not permit one broker who has been intrusted with the sale of land, and is working with a customer whom he has found, to be deprived of his commission by another agent stepping in and selling to the customer for a price less than the first broker is empowered to receive." Let us apply that doctrine to the undisputed facts of this case. The owners here listed this property with Todd for sale at $2,850. He introduced as a prospective buyer Mrs. Heath, showed the property to her, with which she was satisfied except as to the price. Without further listing the property with Todd or lessening the price the owners proceeded through another agent to sell the property to the prospective purchaser who had been introduced by the plaintiff, for $350 less than the price which was given to plaintiff. The seller did not remain neutral as to the rival agents or give to them an equal opportunity to consummate the sale, but, on the contrary, the owners were guilty of bad faith as to the first agent and favored the second to the disadvantage of the other.

The court properly directed a verdict for the plaintiff. While not passing upon the specific objections to testi-

406

mony which the defendants here urge, it is clear that they have not been injured by any rulings of the trial court. The directed verdict under the undisputed evidence was right and the judgment is therefore affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.