139 So. 225

**COUNTS et al. v. BARNES.**

6 Div. 930.

Supreme Court of Alabama.

Jan. 21, 1932.

Vassar L. Allen and T. A. Murphree, both of Birmingham, for appellants.

Ewing, Trawick & Clark, of Birmingham, for appellee.

KNIGHT, J.

This was a suit instituted in the circuit court of Jefferson county by R. H. Barnes, appellee, to recover of William A. Counts and others commissions alleged to be due and owing to him for services in making a sale of certain real estate of the appellants, in the city of Birmingham, to one Finocchio. The plaintiff stated his cause of action in two counts, employing the common counts, first, as for money due by account on, to wit, April 15, 1927, and, second, for work and labor done by plaintiff for defendants from, to wit, April 1, 1927, to, to .wit, April 15, 1927, both dates being laid under a videlicet. There were verdict and judgment for the plaintiff. All but one of the seven assignments of error are based upon the action of the court in refusing written charges requested by the defendants. Four of these instructions required a finding for the defendants.

While there is, on some points, much conflict in the evidence, there are a few matters that are without dispute.

It is not disputed that the plaintiff was engaged in the business of a real estate broker in the city of Birmingham during the year 1927; that the defendants owned the property, over the sale of which this suit arose; that the defendants listed this property for sale with the plaintiff; that the plaintiff, more than a year before the sale was made by defendants to Finocchio, had gotten in touch with Finnocchio, a prospective purchaser of the property, and had carried him out to see the property two or three times, telling him that he (plaintiff) had the property for sale. Up to the time of the sale, the plaintiff was making efforts to sell the property to Finnocchio. It is also without dispute that this purchaser made visits to the office of plaintiff two or three times a month, covering quite a period of time, discussing with plaintiff the purchase of the property.

It is also without dispute that Dr. Alley, to whom defendants paid the commission for making the sale, was not a real estate agent, but was engaged in the drug business. And it is also without dispute that, before defendants paid the commissions to Dr. Alley, as the agent who made the sale, the defendants had actual knowledge of plaintiff's contention that the purchaser was the customer of the plaintiff, and that the sale to Finocchio was the result of the activities of the plaintiff, and that the commissions were due to plaintiff and not to Dr. Alley; and that plaintiff would bring suit therefor. It also appears without dispute that, in these circumstances of the case, the defendants, out of abundance of precaution, that they might not be subjected to double liability, required Dr. Alley to give them an indemnifying bond before paying over

174

the commissions to him. The balance of the testimony is in conflict.

■ The first insistence of appellants is that the suit was prematurely brought by the plaintiff, inasmuch as it was filed some several days prior to the final delivery of the deed from defendants to the purchaser, and before the purchase money was actually paid. The evidence shows, however, without conflict, that the purchaser had been found and accepted by the sellers, and a valid contract of sale and purchase executed before the suit was brought. If the plaintiff was in fact the agent who thus brought the purchaser and seller together, and the sale was in fact the result of plaintiff's efforts, then, under the law, the plaintiff had done all that was required of him as a broker, and he would be entitled to his commission, in the absence of any agreement that commissions should not be paid until the purchase money was actually paid. Birmingham Land & Loan Co. v. Thompson, 86 Ala. 146, 5 So. 473; Sayre v. Wilson & Ingram, 86 Ala. 151, 5 So. 157; Cook v. Forst, 116 Ala. 395, 22 So. 540; Sharpley v. Moody & Co., 152 Ala. 549, 44 So. 650; Eldorado Coal Co. v. Rust & Shelburne, 202 Ala. 625, 81 So. 567; Handley v. Shaffer, 177 Ala. 654, 59 So. 286; Smith v. Sharpe, 162 Ala. 433, 50 So. 381, 136 Am. St. Rep. 52; Richardson v. Olanthe Mill. Co., 167 Ala. 411, 52 So. 659, 140 Am. St. Rep. 45. The suit was not prematurely brought.

■ The defendants had the right to openly list their property for sale with more than one broker, where no exclusive listing was made to any one agent; but such a listing necessarily placed the defendants under certain duties to each of the agents with whom the property was so listed. Upon the subject and nature of this duty, this court had the occasion to speak in a very recent case, and it was there held: "As corollary to the rules declared in exclusive listing is that if several brokers or agents are openly employed, the duty of the seller is performed to each of such brokers or agents if he *remains neutral between them*, and such owner has the right to sell to a buyer produced by any one of them upon the terms of the several listings, without being called upon to decide between the brokers or agents as to which of them was the primary and moving cause of the purchase." (Italics supplied.) Ellison v. Sudduth Realty Co., 217 Ala. 337, 116 So. 333.

In the above-cited case it is further said, in referring to listing with more than one agent: "This is consistent with the right of alienation of one's property without undue restraint, and that to openly and in good faith employ more than one agent, or to place his property for sale with as many agents or brokers as he sees fit, after acquainting them with the facts of the other agent or terms of sale required of the purchaser."

If the property of defendants was in fact listed for sale with plaintiff and also with Dr. Alley, the defendants were under duty to act in good faith towards both and to remain neutral.

We have carefully read the charge of the court, and we find that it fairly stated the above principles of law to the jury.

The evidence for plaintiff tended to show that the sale of the property to Finocchio was brought about by the efforts of the plaintiff. The evidence for defendants tended to show that Dr. Alley was the agent who brought the seller and purchaser together.

■ There was evidence on the part of the plaintiff that he was authorized to sell the property for $30,000; that he procured Finocchio as a purchaser, who was ready, willing, and able to make the purchase at the stated price, but that the defendants (or the one of them who had been conducting the negotiations for his brothers), when informed of this fact by plaintiff, raised the price to $35,000; that immediately thereafter this purchaser left the office of plaintiff, and took the matter of the purchase up with Dr. Alley, who in turn immediately got in touch with defendants, resulting in the sale of the property to Finocchio at the price of $30,000. The evidence for the plaintiff further tended to show that, before the contract of sale to Finocchio was concluded, the plaintiff notified the defendants that Finocchio was his customer, and that it was by his active efforts this purchaser was found and induced to buy the property. The evidence in the case required its submission to the jury. Gulf Trading Co. v. Radcliff, 216 Ala. 645, 114 So. 308; Hall v. Grace, 179 Mass. 400, 60 N. E. 932; Sullivan v. Tufts, 203 Mass. 155, 89 N. E. 239; Ness et al. v. Todd, 86 Colo. 403, 282 P. 250; Hovey v. Aaron, 133 Mo. App. 573, 113 S. W. 718; Wood v. Wells, 103 Mich. 320, 61 N. W. 503.

It therefore follows that charges 1, 2, 3, and 10 were properly refused to defendants.

■ The refusal by the court of charge numbered 30, made the basis of appellants' sixth assignment of error, is thus disposed of in appellants' brief: "While this charge may state an abstract principle of law, its refusal was error." No further argument is advanced in support of this assignment of error. We will, therefore, treat this assignment as waived by appellants. Fields v. First National Bank of Haleyville, 216 Ala. 381, 113 So. 298; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362; Western Union Tel. Co. v. Benson, 159 Ala. 254, 48 So. 712.

■ It is insisted that the court erred in refusing to appellants charge numbered 14, which was requested by them in writing. The charge appears in the report of this case. This charge, if not otherwise faulty, preter-

mits consideration of that phase of the case presented by the evidence of a double listing of the property for sale, impartiality and neutrality between the agents, and as to who first found and secured the purchaser.

It is next insisted by appellants it was due a new trial on the evidence in the case, and for the errors of law committed by the court. We find that the court committed no errors of law, and that, under the rule declared in the case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, and subsequent decisions of this court in line with that decision, the court committed no error in overruling the motion of defendants for a new trial.

Finding no errors in the record, the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.