147 So. 403

## APPLEBAUM v. LAWSON REALTY CO.

### 6 Div. 299.

Supreme Court of Alabama.

March 23, 1933.

Rehearing Denied April 20, 1933.

488

Rosenthal & Rosenthal and Walter S. Smith, all of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

GARDNER, Justice.

The suit is on the common count for work and labor done, and arises out of a contract of employment of plaintiff as a real estate broker by defendant to obtain a purchaser for certain property located in Ensley, Ala. There was judgment for plaintiff, and defendant appeals.

■■ The major insistence on defendant's part relates to the refusal of the affirmative charge duly requested. The evidence has been studied with care, and need not be here considered in detail. Suffice it to state its tendencies as follows: Plaintiff is a corporation, yet Reid Lawson was its alter ego, and will be here so treated, omitting, for convenience, further reference to the corporation. His engagement to find a purchaser is not questioned, and, while first given a fixed price, yet at the same time was told to get the best offer he could and "bring it back." He found one Little, who was interested, and who made an offer, but no sale resulted. Plaintiff reported to defendant that Little was interested, and gave the substance of various conversations. Considerable work was done by plaintiff, and his testimony shows that the proposed purchaser was ready to pay $25,000 cash, but had signed a contract with defendant through another agency for the property that involved á "trade-in" proposition. Defendant had told plaintiff she would accept no trade, but cash only. But she signed a contract for a sale with a trade, which was afterwards changed so as to result in a cash sale for the sum of $25,000. This was through another agency, and with the same proposed purchaser, Little, whom plaintiff had first seen, and with whom he had carried on numerous negotiations.

: There is evidence tending to show that defendant did not act with plaintiff in good faith, but finally closed with another agent whom she preferred, as he had for a long time been her adviser concerning real estate, and on the same terms with which she had listed the property with plaintiff. The proof fully sustains the theory therefore that plaintiff's continuous and uninterrupted services and negotiations with Little and defendant constitute the efficient cause of the final sale, and that defendant has in fact appropriated plaintiff's services to the profit of her more favored agent. And the jury could find that defendant had flagrantly violated the rule of neutrality as between the agents, which under the law she should have preserved. Counts v. Barnes, 224 Ala. 172, 139 So. 225.

Defendant argues upon the assumption there was a time limit, but plaintiff's evidence, evidently accepted by the jury, was to the contrary, and a jury question presented. Nor do we find proof of any revocation of authority, but, on the contrary, plaintiff was encouraged to proceed with his efforts with Little, the proposed purchaser, while at the same time defendant was delivering the sale contract to the other agent, and with the same purchaser. True, plaintiff had no exclusive agency, but the law requires that defendant act openly and in good faith and not collusively close the trade with plaintiff's customer, and then defeat his right to effect the sale and earn his commission. Plaintiff's case as for submission to the jury is fully sustained by the following, among other, of our authorities: Gulf Trading Co. v. Radcliff, 216 Ala. 645, 114 So. 308; Ellison v. Sudduth Realty Co., 217 Ala. 337, 116 So. 333; Smith v. Sharpe, 162 Ala. 433, 50 So. 381, 136 Am. St. Rep. 52; Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Garnet v. Gunn, 206 Ala. 471, 91 So. 382; Counts v. Barnes, supra. The affirmative charge was properly refused.

As to the suggestion concerning any violation of our Sunday statute (section 6821, Code 1923), it is sufficient, without reference to any other consideration, to say that the proof was in conflict as to whether any negotiations at all occurred on Sunday, and the argument is therefore based upon a false assumption of fact. The case was one peculiarly for the jury's consideration, and we find nothing in the record which would justify any interference here with the action of the trial judge in denying the motion for a new trial.

■ Plaintiff's recovery did not depend upon a revocation of authority by defendant, as refused charge 7 assumes, and its refusal was not error.

■ Should the jury have believed defendant that she finally limited plaintiff to 4 o'clock on Monday afternoon to effectuate the sale with Little (which he denies), yet they could have found from the proof that she had not acted with him openly and in good faith, but was appropriating his services to her own profit (commissions paid to the other agent were substantially lower), and to the profit of her preferred agent, and that in fact plaintiff had first found and produced Little as a purchaser, with whom the trade was finally closed on the same terms given plaintiff. Refused charge 8 ignores these tendencies of the proof and was refused without error. Gulf Trading Co. v. Radcliff, supra.

We have considered the matters argued in brief, and find no error to reverse.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.